IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIMBERLY HOGAN, | § | No. 1:25-CV-1959-DAE |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| XTO ENERGY COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

ORDER

Before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane on February 6, 2026  (Dkt. # 8.) Plaintiff Kimberly D. Hogan ("Plaintiff" or "Hogan") timely objected to the report on February 20, 2026 ("Objections").  (Dkt. # 10.)

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation.  (Dkt. # 8.)  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' cause of action.  The Court **DENIES** Hogan's remaining pending motions as **MOOT**.  (Dkts. ## 3, 9.)

1

BACKGROUND

Plaintiff brings this case as a purported removal from the Supreme Court of Texas "due to a violation of Rule 60 B 6 Fraud by the lower courts now including the SCOTX Chief Deputy Clerk." (Dkt. # 1 at 1.)  She alleges she received an unsigned denial of her writ of mandamus from the SCOTX Chief Deputy Clerk.  (Id. at 2.)  Based on her objections, the allegedly "fraudulent" nature of this denial seems to stem from the Clerk's use of an electronic signature stamp in lieu of a wet signature.  (See Dkt. # 10.)

Judge Lane issued his Order and Report on February 6, 2026, granting Hogan leave to proceed *in forma pauperis* but recommending that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Plaintiff's case without prejudice for lack of jurisdiction.  In reaching this conclusion, the Magistrate Judge notes that the Court lacks jurisdiction to consider the case, and that the *Rooker-Feldman* doctrine bars this Court's review of a state court judgment.  (Dkt. # 8 at 4–5.)  Plaintiff objected to the Magistrate Judge's Report and Recommendations on February 20, 2026.  (Dkt. # 10.)

LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

"[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not

require de novo review; the Court need only determine whether the

Recommendation is clearly erroneous or contrary to law.  See United States v.

Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Hogan titles her objections "Objection to Supposed Magistrate Judge

Mark Lane's Fraudulent Robo Signed Automated Recommended Dismissal Form

Appellant Received From the Court Clerk's Office on her Birthday 02/12/2026."

(Dkt. # 10.)  Upon review, Plaintiff's objections do not identify specific, genuine

objections to the substance of Judge Lane's Order.  (Dkt. # 10.)  Instead, her

objections seem to center on the fact that Judge Lane signed his initials with an

electronic signature, and provide further detail on her state court case and other

litigation in which she is involved.  (Id.)

3

The Court finds these objections are unsuccessful, even on de novo review. First, the Magistrate Judge did not conduct an "automated dismissal," as it appears he undertook a careful review of Plaintiff's pleadings in reaching his decision. (See Dkt. # 8 (quoting Plaintiff's complaint)). Moreover, Plaintiff's insistence that the Court review her adverse state court judgment does not refute Judge Lane's conclusion that the *Rooker-Feldman* doctrine applies here, preventing this Court's consideration of state court rulings. Finally, that Judge Lane used an electronic signature to sign his order does not give his order any less effect or call into question the validity of his Report. Accordingly, Plaintiff's objections are thus **OVERRULED**.

As to the unobjected-to portions of Judge Lane's Report, the Court has reviewed them for clear error and finds none. Accordingly, the Court **ADOPTS** Judge Lane's Report and Recommendation in whole as the opinion of this Court. (Dkt. # 8.)

CONCLUSION

For the reasons given above, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 8), **DISMISSES WITHOUT PRJEUDICE** under § 1915(e)(2) Plaintiffs' claims, and **DENIES** the remaining pending motions as **MOOT** (Dkts. ## 3, 9). The Clerk of the Court is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

4

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 18, 2026.

_____

David Alan Ezra
Senior United States District Judge